**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

COLUMBIA GAS TRANSMISSION
CORPORATION,

*Plaintiff-Appellant,*

v.

DEANA WINGFIELD DRAIN,

*Defendant-Appellee.*

No. 00-1553

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CA-99-127-2)

Argued: December 6, 2000

Decided: January 8, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by published opinion. Senior Judge Hamilton
wrote the opinion, in which Judge Wilkins and Judge Luttig joined.

_____

## COUNSEL

**ARGUED:** Amy Marie Smith, STEPTOE & JOHNSON, Clarksburg,
West Virginia, for Appellant. Joseph Algernon Wallace, Elkins, West
Virginia, for Appellee. **ON BRIEF:** William E. Mohler, III,
COLUMBIA GAS TRANSMISSION CORPORATION, Charleston,
West Virginia, for Appellant. Paul J. Harris, NATIONAL PROP-

ERTY RIGHTS CENTER, Richmond, Virginia; Herbert G. Under-
wood, Clarksburg, West Virginia, for Appellee.

---

**OPINION**

HAMILTON, Senior Circuit Judge:

Columbia Gas Transmission Corporation (Columbia Gas) appeals
the district court's dismissal of its declaratory judgment action against
property owner Deana Drain (Drain) for lack of subject matter juris-
diction. In its declaratory judgment action, Columbia Gas sought,
*inter alia*, a declaration that its use of a claimed easement fifty feet
in width over Drain's property in Randolph County, West Virginia,
to maintain a gas pipeline, is not an unconstitutional taking under the
Fourteenth Amendment to the United States Constitution. Because the
district court would have possessed subject matter jurisdiction over a
coercive action by Drain against Columbia Gas alleging that Colum-
bia Gas's use of the fifty-foot easement over her property constituted
an unconstitutional taking of her property under the Fourteenth
Amendment, the district court possessed subject matter jurisdiction
over Columbia Gas's declaratory judgment action. Accordingly, we
vacate the district court's dismissal of this action and remand for fur-
ther proceedings.

I.

A detailed statement of the facts involved in this case is set forth
in our opinion in *Columbia Gas Transmission Corp. v. Drain* (*Colum-
bia Gas I*), 191 F.3d 552 (4th Cir. 1999). We only recount those facts
here to the extent necessary for us to resolve Columbia Gas's chal-
lenge to the district court's dismissal of its present declaratory judg-
ment action.

Drain owns .44 acres of real property in Randolph County, West
Virginia. Pursuant to a right-of-way agreement of unspecified width
that runs with such property, Columbia Gas installed and maintains
an eight-inch gas pipeline across the property. In 1992, Drain installed
a modular home with a cement block foundation within seven and

one-half feet of the pipeline. At the time, the property already contained a shed with a cement block foundation located within six inches from the pipeline.

In April 1993, Columbia Gas informed Drain that the right-of-way agreement impliedly granted it a fifty-foot easement in width (twenty-five feet on either side), across her property, and that her modular home encroached on that easement. After Drain failed to move her modular home outside Columbia Gas's claimed fifty-foot easement, in December 1994, Columbia Gas brought a declaratory judgment action in the United States District Court for the Northern District of West Virginia (Columbia Gas's First Declaratory Judgment Action). In that action, Columbia Gas sought a declaration that, under West Virginia law and federal regulations, the right-of-way agreement entitled it to an easement fifty feet in width over Drain's property, and preliminary and permanent injunctions ordering Drain to move her home and shed twenty-five feet from the pipeline and prohibiting her from conducting any further construction on the asserted right-of-way or otherwise interfering with Columbia Gas's claimed easement.

Drain moved her modular home and shed outside Columbia Gas's claimed easement in July 1995. She nonetheless answered Columbia Gas's complaint and asserted a counterclaim "for a declaratory judgment that the grant of a fifty-foot easement would affect an unconstitutional taking and for injunctive relief and damages pursuant to 42 U.S.C. § 1983 on the basis of this alleged constitutional violation." *Columbia Gas I*, 191 F.3d at 559. Drain also moved to dismiss Columbia Gas's First Declaratory Judgment Action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)).

The district court denied Drain's Rule 12(b)(1) motion. With regard to the merits, the district court concluded that West Virginia law governed the question of the easement's width and that under that state's law Columbia Gas was entitled by virtue of the right-of-way agreement to a "reasonably necessary" easement, which after a bench trial the district court determined to be fifty feet in width. The district court granted Columbia Gas the permanent injunction and declaratory relief it sought on these state law grounds, while exercising its equitable powers to order Columbia Gas to pay Drain's house-moving

expenses, and held that there had been no unconstitutional taking of Drain's property. *See Columbia Gas I*, 191 F.3d at 554.

Drain appealed. On appeal, Drain challenged the district court's denial of her motion to dismiss for lack of subject matter jurisdiction and the district court's decision on the merits. We agreed with Drain that subject matter jurisdiction was lacking over Columbia Gas's causes of action. *See id.* at 554-55. We, therefore, vacated the district court's judgment and remanded with instructions to dismiss the complaint. *See id.* at 560. We also directed the district court to dismiss without prejudice Drain's counterclaim for a declaratory judgment that the grant of an easement fifty feet in width would affect an unconstitutional taking and for injunctive relief and damages pursuant to 42 U.S.C. § 1983. *See Columbia Gas I*, 191 F.3d at 559. In so doing, we recognized the general rule that "a district court may exercise jurisdiction over a compulsory counterclaim after the original claim has been dismissed for lack of subject matter jurisdiction if the counterclaim has an independent basis for jurisdiction." *Id.* However, we did not force the district court to retain jurisdiction over Drain's counterclaim alleging an unconstitutional taking of her property in violation of the United States Constitution, because collectively: (1) Drain had disputed the subject matter jurisdiction of the federal forum all along; (2) the Federal Rules of Civil Procedure had compelled her to bring the claim or risk forfeiture; and (3) the merits of the counterclaim were inextricably intertwined with the merits of a federal defense to Columbia Gas's non-federal claim. *See id.* at 559-60.

On September 20, 1999, Drain filed an action in West Virginia state court asking for a declaration that Columbia Gas's taking of the easement fifty feet in width deprived her of her right to just compensation for private property taken for public use and due process, "as guaranteed by the Constitution of West Virginia." (J.A. 66). Drain also sought compensatory damages based on her allegation that as a direct and proximate result of Columbia Gas's taking of the fifty-foot wide easement, she has been deprived of substantially all of the beneficial and productive use of her property and has been damaged in an amount equal to the fair market value of her property. On October 21, 1999, Columbia Gas removed Drain's state court action to the United States District Court for the Southern District of West Virginia based

upon federal question and diversity jurisdiction. *See* 28 U.S.C.A. §§ 1331-32 (West 1993).

On the same day Columbia Gas filed its notice of removal in Drain's state court action, it filed a second declaratory judgment action against Drain in the United States District Court for the Northern District of West Virginia (Columbia Gas's Second Declaratory Judgment Action). The complaint is similar to the complaint Columbia Gas filed in its First Declaratory Judgment Action. In contrast to Columbia Gas's complaint in its First Declaratory Judgment Action, however, the second complaint sought a declaration that "Drain has not been deprived of property without just compensation and due process under the United States Constitution, Amend. XIV." (J.A. 15-16). Columbia Gas's Second Declaratory Judgment Action is the case pending before us presently.

Drain promptly moved to dismiss Columbia Gas's Second Declaratory Judgment Action for lack of subject matter jurisdiction.[1] This time, the district court granted the motion. Columbia Gas filed a timely notice of appeal.

## II.

In this appeal, Columbia Gas challenges the district court's dismissal of its Second Declaratory Judgment Action. According to Columbia Gas, the district court possessed subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction *de novo*. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

For reasons that follow, we hold the district court possessed subject matter jurisdiction pursuant to § 1331. We, therefore, do not address the issue of whether the district possessed subject matter jurisdiction pursuant to § 1332.

---

[1]The district court presiding over Drain's removed state court action stayed further proceedings in that action pending resolution of Drain's motion to dismiss for lack of subject matter jurisdiction in Columbia Gas's Second Declaratory Judgment Action.

Section 1331 of Title 28 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1993). This statutory provision sets forth what is commonly known as federal question jurisdiction. "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint. *See id.*

The well-pleaded complaint rule operates no differently when the jurisdictional issue is whether a district court possesses subject matter jurisdiction of a declaratory judgment action purporting to raise a federal question. *See TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999); *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2767, at 650-51 (3d ed. 1998). One does need to understand, however, that in a declaratory judgment action, the federal right litigated may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff. Thus, if the declaratory judgment plaintiff is not alleging an affirmative claim arising under federal law against the declaratory judgment defendant, the proper jurisdictional question is whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff. *See TTEA*, 181 F.3d at 681; *Standard Ins. Co.*, 127 F.3d at 1181; Wright, Miller, & Kane, *supra* § 2767, at 650-51; *see also Franchise Tax Board v. Construction Laborers Trust*, 463 U.S. 1, 19 & n.19 (1983) (observing with approval that federal courts "have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question"). If the answer to this question is yes, federal question jurisdiction exists.

Columbia Gas first argues that federal question jurisdiction exists based upon the Natural Gas Act, 15 U.S.C.A. §§ 717 - 717z (West 1997 and Supp. 2000), the Natural Gas Pipeline Safety Act, 49

U.S.C.A. §§ 60101 - 60128 (West 1997 and Supp. 2000), and the federal regulations promulgated pursuant to those acts. This argument is a rehash of the unsuccessful argument Columbia Gas made before us in Drain's appeal from the district court's refusal to dismiss Columbia Gas's First Declaratory Judgment Action. *See Columbia Gas I*, 191 F.3d at 555-59. After carefully reviewing Columbia Gas's complaint in its Second Declaratory Judgment Action, we conclude that it contains no additional allegations with regard to the Natural Gas Act, the Natural Gas Pipeline Safety Act, or the regulations thereunder requiring us to embrace Columbia Gas's rehashed argument in this appeal.

Because the complaint at issue does not assert an affirmative cause of action arising under federal law, we must ask whether it seeks declaratory relief on a matter for which Drain could bring a coercive action arising under federal law against Columbia Gas. *See TTEA*, 181 F.3d at 681; *Standard Ins. Co.*, 127 F.3d at 1181; Wright, Miller, & Kane, *supra* § 2767, at 650-51. The answer to this question is yes. Specifically, the complaint requests a declaration that Columbia Gas's use of a fifty-foot wide easement on Drain's property is not an unconstitutional taking under the Fourteenth Amendment. This is the reverse of the compulsory counterclaim that Drain alleged against Columbia Gas pursuant to 42 U.S.C. § 1983 in Columbia Gas's First Declaratory Judgment Action, which counterclaim undoubtedly arose under federal law.[2] Because Columbia Gas's complaint in its Second Declaratory Judgment Action seeks declaratory relief on a matter for which Drain could bring a coercive action against Columbia Gas arising under federal law, we conclude the district court possessed subject matter jurisdiction pursuant to § 1331. Accordingly, we vacate the district court's order dismissing Columbia Gas's Second Declaratory Judgment Action for lack of subject matter jurisdiction and remand for further proceedings.

*VACATED AND REMANDED*

---

[2]We note that because Columbia Gas has eminent domain powers under the Natural Gas Act, *see* 15 U.S.C. § 717f(h), it is a quasi-governmental entity for purposes of a § 1983 action.