UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WEBSTER COUNTY LUMBER COMPANY,
INCORPORATED, a West Virginia
corporation; MINERALS AND LAND,
INCORPORATED, a West Virginia
corporation,

    *Plaintiffs-Appellants,*

    v.

LARRY WAYNE, individually; LINDA
WAYNE, individually; JOHN DOE,
individually,

    *Defendants-Appellees,*

    v.

GLEN B. GAINER, III, West Virginia
State Auditor and Commissioner of
Delinquent and Nonentered Lands,

    *Party in Interest.*

No. 02-1429

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert R. Maxwell, Senior District Judge.
(CA-99-116-2)

Argued: February 26, 2003

Decided: March 24, 2003

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Luttig wrote the opinion, in
which Judge Williams and Judge Michael joined.

### COUNSEL

**ARGUED:** Larry Joseph Rector, STEPTOE & JOHNSON, P.L.L.C., Clarksburg, West Virginia, for Appellants. William Tracey Weber, Jr., WEBER & WEBER, Weston, West Virginia, for Appellees. **ON BRIEF:** Amy M. Smith, Randall C. Light, STEPTOE & JOHNSON, P.L.L.C., Clarksburg, West Virginia, for Appellants. W. T. Weber, III, WEBER & WEBER, Weston, West Virginia; Howard J. Blyler, Cowen, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

LUTTIG, Circuit Judge:

Appellants Webster County Lumber Company, Inc., and Minerals and Land, Inc., brought suit in district court against appellees Larry Wayne, Linda Wayne, and a John Doe. In Count I of the complaint, appellants requested a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that a tax sale and the issuance of tax deeds to appellees violated the Due Process Clause of the Fourteenth Amendment. In Count II, the plaintiff-appellants alleged trespass and sought treble damages pursuant to W. Va. Code § 61-3-48a. The district court dismissed both counts for lack of jurisdiction. We affirm.

I.

On October 11, 1996, the Deputy Commissioner of Delinquent and Nonentered Lands of Webster County sold two tracts of land for taxes delinquent from 1937 to 1997 (the "Tax Sale"). By deeds dated March 26, 1997 (the "Tax Deeds"), the Deputy Commissioner conveyed the tracts to Larry and Linda Wayne. The only notice provided with respect to the Tax Sale was a short report published in the Webster

Republican (presumably a local newspaper) directed to the heirs, devisees, etc. of one J.C. Savage and one M.M. Savage. Some time after the conveyance of the Tax Deeds, the Waynes and the John Doe cleared portions of one of the tracts by cutting trees and marketable timber for the purpose of establishing a roadway and a site for the construction of a building.

On September 3, 1999, appellants, claiming that they were the owners of the tracts before the Tax Sale, filed a complaint in the federal district court for the Northern District of West Virginia. In Count I of the complaint, appellants requested, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, a declaration that the Tax Deeds were invalid and not legally binding, because "the Tax Sale and the resulting Tax Deeds violate[d] [appellants'] due process rights governed by the Fourteenth Amendment to the United States Constitution," as "[appellants] [were] not given notice prior to the sale." J.A. 12. In Count II, appellants brought a state law trespass claim against appellees pursuant to W. Va. Code § 61-3-48a, and requested treble damages for unlawful timbering activities.

Appellees, in their answer to the complaint, moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. The district court granted this motion, and appellants appealed.

## II.

Since "federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute," *Cooper* v. *Productive Transp. Servs.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotations omitted), jurisdiction in federal court exists only if appellants can identify a statutory grant of jurisdiction for their claims. Appellants maintain that jurisdiction over the claim asserted in Count I of their complaint exists under 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Appellants maintain that jurisdiction over the claim asserted in Count II exists under 28 U.S.C. § 1367.[1] Appellants admit that if jurisdiction

---

[1]28 U.S.C. § 1367 provides that

in any civil action of which the district courts have original juris-

were improper for Count I, then no jurisdiction would exist for Count II. Hence, we need consider only whether jurisdiction exists in federal court over Count I.

Count I, as noted, requests a declaratory judgment under the federal Declaratory Judgment Act. In *Skelly Oil Co.* v. *Philips Petroleum Co.*, 339 U.S. 667 (1950), the United States Supreme Court explained the jurisdictional reach of the Declaratory Judgment Act as follows: "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. . . . The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction — the limited subject matters which alone Congress had authorized the District Courts to adjudicate — were not impliedly repealed or modified." *Id*. at 671-72. Thus, the "plaintiff's claim itself must present a federal question unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id*. at 672 (quotations and citations omitted).

The Court later declared that "*Skelly Oil* has come to stand for the proposition that if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Board* v. *Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983).[2] Accord-

---

diction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[2]Of course, if the federal claim could have arisen as part of a coercive action brought by the declaratory judgment defendant against the declaratory judgment plaintiff, it is certainly possible that federal jurisdiction exists, *see Columbia Gas Transmission Corp.* v. *Drain*, 237 F.3d 366, 370-71 (4th Cir. 2001), although not guaranteed, *see Franchise Tax Board*, 463 U.S. at 20-21 (concluding that although declaratory-judgment defendant could have brought a federal action raising the federal issue in question against the declaratory-judgment plaintiff, the action in question did not "arise under" federal law for purposes of § 1331).

ingly, in the case before us, in order for jurisdiction over Count I to exist, it must have been possible to assert appellants' federal claim in a federal cause of action brought by either party against the other, or in a state cause of action where a substantial federal issue would appear on the face of a well-pleaded complaint. *See Merrell Dow Pharmaceuticals Inc.* v. *Thompson*, 478 U.S. 804, 808-09 (1986) (jurisdiction proper under 28 U.S.C. § 1331 where federal law created the cause of action, or in some cases where "the vindication of a right under state law necessarily turned on some construction of federal law"); *id*. at 814 (federal issue in state cause of action must be sufficiently "substantial" for § 1331 jurisdiction to exist); *Franchise Tax Board*, 463 U.S. at 9-10 (whether a claim arises under federal law must be determined in reference to the "well-pleaded complaint").[3]

Appellants' federal claim is that issuance of the Tax Deeds, without constitutionally-appropriate notice of the Tax Sale, violated the Due Process Clause of the Fourteenth Amendment. One labors in vain to ascertain how this claim would arise (but for the Declaratory Judgment Act) between these parties in any form other than as a defense to a state created action. Appellants point to no statutory federal cause of action that could provide the basis for any coercive action by appellants or appellees, nor to any state cause of action where this federal issue could form a substantial and necessary component. The only potential source for any cause of action mentioned in appellants' briefs or complaint is the Due Process Clause of the Fourteenth Amendment. *See*, *e.g.*, Appellants' opening brief at 12-13 ("There can be no dispute that in this action [jurisdiction exists] because the crux of Appellants' claim against Appellees involves alleged violations of the due process clause of the United States Constitution and *it is the constitution that creates Appellants' cause of action*.") (emphasis added). Leaving aside for the moment the difficult question of whether an implied right of action exists against any entity under the Fourteenth Amendment (a question unaddressed by either party), *see*,

---

[3]The only statutory sources of jurisdiction stated in the complaint and argued before the district court and on appeal by appellants are § 1331 and § 1367. We thus analyze whether jurisdiction is appropriate only under these provisions. *See Merrell Dow*, 478 U.S. at 810 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

*e.g.*, *Weller* v. *Dep't of Social Services*, 901 F.2d 387, 398 (4th Cir. 1990) (no implied right of action under Due Process Clause of the Fourteenth Amendment against municipalities for damages for acts of its employees), it has been well-established for over a century that the Fourteenth Amendment restrains or controls only state actors, not private actors. *See Civil Rights Cases*, 109 U.S. 3, 11 (1883) ("It is State action of a particular character that is prohibited. Individual invasion of individual rights is not the subject-matter of the amendment"); *see also United States* v. *Morrison*, 529 U.S. 598, 621 (2000) (noting "the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"); *Shelley* v. *Kraemer*, 334 U.S. 1, 13 (1948) ("[The Fourteenth Amendment] erects no shield against merely private conduct, however discriminatory or wrongful."). As only a state actor can violate the Fourteenth Amendment, *a fortiori* no implied right of action under the Fourteenth Amendment would exist against private citizens. And, prior to oral argument, appellants made no suggestion that either they or appellees were anything but private citizens.[4]

It is clear that the federal claim in question would arise only in response to a state-created action, either as a defense to a state law claim (such as trespass or some variant of a quiet title action) brought by appellees, or to respond to appellees' invocation of the Tax Deeds to defend against appellants' trespass action. Thus, *Skelly Oil* bars jurisdiction in federal court over the declaratory judgment action. As there is no federal jurisdiction over Count I, 28 U.S.C. § 1367 can provide no basis for jurisdiction over Count II. As there is no federal jurisdiction over either count, the district court properly dismissed appellants' suit.

---

[4]For the first time, at oral argument, appellants raised the claim that appellees were perhaps state actors. This argument was not made in appellants' opening brief, nor was this argument raised in the district court. We will thus not consider it at this stage in the proceedings. *See Holland* v. *Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (issues not raised in district court will generally not be considered on appeal); *Muth* v. *United States*, 1 F.3d 246, 250 (4th Cir. 1993) (same); *see also Carter* v. *Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002) (contentions not raised in the opening brief generally considered waived).

## *CONCLUSION*

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*