Timothy Everett GREENE and
Amy V. Greene, Plaintiffs,

v.

**GENERAL MOTORS CORPORATION
and Mack Brown, Incorporated,
Defendants.**

No. 5:03CV28–V.

United States District Court,
W.D. North Carolina,
Statesville Division.

April 30, 2003.

J. David Duffus, Jr., Duffus & Melvin, PA, Greenville, NC, Michael W. Duffy, Childress & Zdeb Ltd., Chicago, IL, Jeffrey M. Hedrick, Hedrick & Eggers, Boone, NC, for Plaintiffs.

George Ward Hendon, E. Thomison Holman, Adams, Hendon, Carson, Crow & Saenger, PA, Asheville, NC, Robert D. Hays, Franklin D. Brannen, Jr., Jason M.

Wenker, King & Spalding, Atlanta, GA, for General Motors Corp.

David W. Hood, Patrick, Harper & Dixon, Hickory, NC, for Mack Brown, Inc.

### MEMORANDUM AND ORDER

HORN, United States Magistrate Judge.

**THIS MATTER** is before the Court on the following motions and memoranda:

1. The Plaintiffs' "Motion to Remand and Brief in Support . . ." (document # 12) filed March 14, 2003, and "Motion for Stay . . . [Pending Resolution of Motion to Remand]" (document # 15) filed March 24, 2003;

2. The "Defendants' Opposition to . . . Motion to Remand" (document # 17) filed March 31, 2003;

3. Defendant Mack Brown, Incorporated's "Response to Motion for Stay . . ." (document # 16) filed April 2, 2003;

4. Plaintiffs' "Reply [in Support of] Motion to Remand" (document # 18) filed April 7, 2003; and

5. Defendant General Motors Corporation's "Response to Motion for Stay . . ." (document # 19) filed April 7, 2003.

The instant motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and are now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will *grant* the Plaintiffs' Motion to Remand, as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Timothy and Amy Greene, husband and wife, are residents of Watauga County, North Carolina. The Defen-

dant General Motors Corporation ("GM") is a Delaware corporation doing business in North Carolina, while Defendant Mack Brown, Incorporated ("MBI") is a North Carolina corporation operating an automobile dealership also located in Watauga County.

This action arises from Plaintiff Timothy Greene's May, 2000 purchase of a 1999 Cadillac Escalade, manufactured by Defendant GM, from Defendant MBI. The Plaintiffs allege that the vehicle was covered by a "bumper-to-bumper" warranty; that it repeatedly leaked water into the right front passenger area and the rear cargo area; and that after "numerous" attempts to repair the vehicle failed, the Defendants refused to re-purchase or replace it.

The Plaintiffs further contend that as a result of continued water intrusion, mold grew in the vehicle, causing Plaintiff Timothy Greene "debilitating health problems" resulting in "multiple surgeries" to remove mold and yeast growths from his sinus cavities.

On March 15, 2002, the Plaintiffs filed the instant Complaint in the Superior Court of Watauga County, alleging state statutory claims for unfair and deceptive trade practices (N.C.Gen.Stat. § 75–1.1) and breach of warranty (N.C. Gen.Stat. § 25–2–104 et seq.), and state common law claims for negligence, fraud, intentional infliction of emotional distress, breach of contract, loss of consortium, and punitive damages. The Plaintiffs allege, and the Defendants do not dispute, that during discovery, the Plaintiffs were required to file four motions to compel; that the Defendants were sanctioned "on multiple occasions for discovery abuse," including on one occasion being required to pay the Plaintiffs' attorneys' fees incurred concerning a particular discovery dispute; and that the parties have taken 40 depositions,

12 of which addressed Plaintiff Timothy Greene's medical condition and treatment.

Sometime prior to January 17, 2003, the Defendants filed a Motion for Summary Judgment.

On January 17, 2003, the Plaintiffs filed a Motion to Amend their Complaint, seeking, among other things, to amend the factual allegations within their unfair and deceptive trade practices claim to include allegations that Defendant GM had a duty to comply with "federal minimum warranty standards as outlined in the Magnuson–Moss Act, 15 U.S.C.A. Section 2301 et seq."; and that GM's failure to re-purchase or replace the vehicle was "a violation" of those standards and, consequently, amounted "to an unfair and deceptive trade practice under [N.C.]G.S. § 75–1.1."

On January 21, 2003, the then-presiding judge conducted a hearing on the Defendants' Motion for Summary Judgment, granted the motion in part, and dismissed the Plaintiffs' fraud, breach of contract, intentional infliction of emotional distress, and punitive damages claims.[1] Relevant to the instant Motion to Remand, during a discussion of the Plaintiffs' unfair and deceptive trade practices claim, not only the Plaintiffs' counsel, but also defense counsel and the Court acknowledged that the Plaintiffs' proposed amended allegations concerning the Magnuson–Moss Act were not a separate claim, but were instead offered as evidence that the Defendants had violated state law. *See* Portion of

Transcript of January 21, 2003 hearing, attached as Exhibit A to Plaintiffs' Reply.

Sometime prior to February 7, 2003, the state court lawsuit was given a peremptory trial setting for the second week of March 2003.

On February 7, 2003, the Plaintiffs filed a Substitute Motion to Amend, which, concerning matters at issue herein, was apparently identical to their initial Motion to Amend.

On February 24, 2003, the Honorable J. Marlene Hyatt conducted a hearing on, among other things, the Plaintiffs' Motion to Amend. Having reviewed the transcript, attached as Exhibit A to the Defendants' "Opposition," the undersigned concludes that the Plaintiffs' counsel again clearly stated that the Magnuson–Moss warranty standards were offered as evidence that the Defendants had committed unfair and deceptive trade practices in violation of *state* law. At the conclusion of the hearing, Judge Hyatt granted the Plaintiffs' motion and instructed defense counsel that an Answer to the Amended Complaint was due in ten days.

Rather than file an Answer in state court, on March 4, 2003, the Defendants filed a "Notice of Removal" pursuant to 28 U.S.C. § 1331, alleging federal question subject matter jurisdiction on the grounds that the Complaint, as amended, contained a federal claim for "violation of" the Magnuson–Moss Act.[2]

---

1. The record does not clearly identify the Superior Court judge who conducted the summary judgment hearing.

2. The parties dispute whether the Notice of Removal was premature, that is, filed before Judge Hyatt signed an order allowing the Plaintiffs to file their Amended Complaint. The record reflects that a proposed order was prepared, but apparently due to the action's subsequent removal, Judge Hyatt never signed it. However, in light of her clear instructions to the Defendants that an Answer was due within ten days of the hearing, clearly, Judge Hyatt's oral order triggered the Defendant's duty to Answer, or otherwise respond, to the Amended Complaint that had been attached to the Plaintiffs' Motion to Amend.

On March 14, 2003, the Plaintiffs moved to remand the action to state court, contending that there is no basis for federal subject matter jurisdiction, and that removal, therefore, was improper.

On March 24, 2003, the Plaintiffs filed a Motion to Stay this matter pending resolution of their Motion to Remand. Because the undersigned will *grant* the Plaintiffs' Motion to Remand, as discussed below, their Motion to Stay is *denied as moot.*

These motions have been fully briefed and are ripe for disposition.

## II. *DISCUSSION*

At the outset, the undersigned notes that the Plaintiffs' Motion to Remand is timely. *See* 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). *Accord Jones v. American Postal Workers Union,* 192 F.3d 417, 422 (4th Cir.1999); *and Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999). The parties seeking federal jurisdiction, in this case, the Defendants, have the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

It is well-established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet,* 221 F.3d 648, 655 (4th Cir.2000), *citing Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *Accord Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 186 (4th Cir.2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). There is no dispute that the citizenship of the parties is not diverse and, therefore, that the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

■ As the Fourth Circuit recently stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes *either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.*

*Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 606–07 (4th Cir.2002) (emphasis added).

Moreover, "the vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well pleaded complaint

rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369–70 (4th Cir.2001), *citing Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ Although the parties have not cited Fourth Circuit authority on point, and the undersigned is aware of none, courts in other circuits have held that federal question jurisdiction does *not* arise when a state court plaintiff alleges that a federal statute provides a standard of care or conduct, or otherwise refers to federal authority as evidence that a defendant violated state law. *See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir.2000) ("[t]he fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir.1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action"); *and Kravitz v. Homeowners Warranty Corp.*, 542 F.Supp. 317, 319 (E.D.Pa.1982).

In *Kravitz*, for example, where the plaintiff homeowners contended that the defendant's failure to comply with Magnuson–Moss warranty standards entitled them to contract rescission under state law, the court held that the plaintiffs' cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret the Magnuson–Moss" warranty standards, and remanded the matter to state court. 542 F.Supp. at 319–20.

Applying these legal principles to the Plaintiffs' Complaint as amended, clearly there is no basis for exercising federal question jurisdiction, that is, the Plaintiffs have not pled a claim arising under the Magnuson–Moss Act or any other federal statute, nor do any of their asserted rights to relief necessarily depend on the resolution of any federal law question, much less a substantial question of federal law. Indeed, at most, both the "face" of the Plaintiffs' amendments, as well as two lengthy, on-the-record discussions in state court, show that the Plaintiffs alleged the Defendants' breach of Magnuson–Moss warranty standards only as further evidence that they committed unfair and deceptive trade practices. As the district court concluded in *Kravitz*, state courts are fully competent to apply Magnuson–Moss warranty standards, as far as they may provide evidence that the Defendants violated state law. *Accord* 542 F.Supp. at 319–20.

In short, and withholding any judgment as to the merits of the Plaintiffs' state law claims or their contention that Magnuson–Moss warranty standards will show that the Defendants violated state law, the record does not reveal any basis for federal subject matter jurisdiction; removal was improper; and the Plaintiffs' Motion to Remand, therefore, will be *granted.*

### III.  *ORDER*

NOW, THEREFORE, IT IS ORDERED:

1. The Plaintiffs' "Motion for Stay" (document # 15) is **DENIED AS MOOT.**

2. Plaintiffs' "Motion to Remand" (document # 12) is **GRANTED,** and the instant action is **REMANDED** to the Superior Court for the County of Watauga.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel

for the parties; *and to the Honorable Richard L. Voorhees.*