**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Susan A. Khoury,
              *Plaintiff-Appellant,*

              v.

Richard A. Meserve, Chairman,
Nuclear Regulatory Commission,
              *Defendant-Appellee.*

No. 03-1865

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-02-3511-DKC-8)

Submitted: November 12, 2003

Decided: January 23, 2004

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Susan A. Khoury, Appellant Pro Se. Thomas Michael DiBiagio,
United States Attorney, Ariana Wright Arnold, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Susan Khoury appeals the district court's order dismissing some claims and granting summary judgment against her on others in her gender and national origin based discrimination and retaliation action. Khoury alleged discriminatory denial of promotion, denial of rights under grievance procedures, discriminatory discharge, hostile work environment, and retaliation claims. We affirm.

This Court reviews de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369 (4th Cir. 2001). Before a plaintiff has standing to file suit under Title VII, she must exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC). *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Id.* An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. *Id.*

A federal employee who believes herself to be aggrieved must initiate contact with a counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a) (July 12, 1999). A plaintiff's failure to timely consult an EEO counselor requires dismissal of her claims for failure to exhaust her administrative remedies. *See Zografov v. Veteran's Admin. Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985). Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

We conclude that the district court did not err when it dismissed Khoury's denial of promotion, denial of rights under grievance procedures, and gender and national origin based termination claims for failure to exhaust administrative remedies.

This Court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). This Court must view the factual evidence, and all justifiable inferences drawn therefrom, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We conclude that viewing the evidence in a light most favorable to Khoury, the Government is entitled to summary judgment on Khoury's hostile work environment and retaliation claims as a matter of law. We also conclude that the district court did not err when it denied further discovery on Khoury's retaliation claim. Finally, Khoury has waived her claim that the EEOC erred when it failed to rule on her formal charge within 180 days because she did not assert it before the district court. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*