**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-2353**

---

DR. BRAD R. JOHNSON; ELCI WIJAYANINGSIH,

               Plaintiffs - Appellants,

      v.

WINFORD BARR; ABBY POPE; ELIZABETH BILETH; UNITED STATES OF
AMERICA,

               Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Terrence W. Boyle,
District Judge.  (7:11-cv-00104-BO)

---

Submitted:  March 7, 2013         Decided:  March 18, 2013

---

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brad R. Johnson, Elci Wijayaningsih, Appellants Pro Se.  Robert
Joel Branman, I, Teresa E. McLaughlin, Tax Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brad R. Johnson and Elci Wijayaningsih appeal the district court's order granting the Government's motion to be substituted as a proper party and dismissing their complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Appellants brought suit against three employees of the Internal Revenue Service in their individual capacities after they were audited.

This court reviews de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369 (4th Cir. 2001). We may affirm on alternate grounds if it is apparent from the record that the Appellants are not entitled to relief. Ellis v. Louisiana-Pacific Corp., 699 F.3d 778, 786 (4th Cir. 2012). In Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 409 (4th Cir. 2003), this court noted that courts have consistently found that taxpayers could not claim damages under Bivens against individual IRS agents. See Adams v. Johnson, 355 F.3d 1179, 1184-85 (9th Cir. 2004); Shreiber v. Mastrogiovanni, 214 F.3d 148, 152-53 (3d Cir. 2000); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997) (stating that "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are

2

also not subject to <u>Bivens</u> actions"); <u>Fishburn v. Brown</u>, 125 F.3d 979, 982–83 (6th Cir. 1997) (no <u>Bivens</u> action against IRS agents for alleged due process violations during property seizure); <u>Vennes v. An Unknown Number of Unidentified Agents of the United States</u>, 26 F.3d 1448, 1454 (8th Cir. 1994) (declining to create <u>Bivens</u> action against IRS agents for alleged due process violations).  There is no reason to stray from that rule and on that basis we affirm the district court's dismissal of the Appellants' <u>Bivens</u> claim.

For the reasons stated by the district court, the Appellants were not eligible for injunctive relief or relief under the Declaratory Judgment Act.  <u>See</u> 26 U.S.C. § 7421(a) (2006); 28 U.S.C. § 2201(a) (2006).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>