Henry KAYE, Plaintiff,

v.

**PERSONAL INJURY FUNDING III, LP, Defendant.**

Case No. 09–82391–CIV.

United States District Court, S.D. Florida.

Aug. 23, 2010.

**1346**

Christopher S. Carver, Esq., and Stacy J. Harrison, Esq. of Akerman Senterfitt, for Defendant.

Leslie N. Reizes, Esq., of Reizes Law Firm, Chartered, for Plaintiff.

### ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS

DANIEL T.K. HURLEY, District Judge.

**THIS CAUSE** is before the court upon defendant's motion to dismiss [DE # 24]. For the reasons given below, the court will grant defendant's motion.

#### BACKGROUND

Plaintiff Henry Kaye is an attorney who works for Kaye Law Firm, PPLC. In 2005, Kaye represented Juan Ochoa in a personal injury action, which was ultimately settled for $25,000. After the case settled, a different attorney, Alberto Matt, represented Ochoa in an unrelated lawsuit against an insurance company. The subsequent lawsuit also settled, and the parties signed an agreement containing an arbitration provision.

In November 18, 2009, Kaye was served with a demand to arbitrate a dispute regarding the subsequent lawsuit. Kaye filed this action on December 8, 2009, seeking a judgment declaring that he is not bound by the arbitration provision and that he "owes defendant nothing." Compl. ¶ 11. He also seeks a stay of the arbitration pursuant to New York CPLR § 7503.

This is a suit for declaratory judgment pursuant to 28 U.S.C. § 2201(a) and for a stay of arbitration pursuant to state law. The factual background given below has been drawn from allegations in the plaintiff's complaint which, on a motion to dismiss, the court must credit as true. *See Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1342 (11th Cir.2008).

After this lawsuit was filed, the arbitration proceedings in New York continued. On May 26, 2010, the arbitrator issued his ruling. Among other things, the arbitrator found that "Mr. Kaye is not subject to the jurisdiction of this arbitration." *See* DE # 24–1. Consequently, the arbitrator denied the "[c]laimant's request for an award against Mr. Kaye." *See id.*

### DISCUSSION

#### A. Mootness

█ Defendant argues that, in light of the arbitrator's ruling, this case has become moot. Article III of the Constitution limits the jurisdiction of the federal courts to actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. This "requirement subsists through all stages of federal

judicial proceedings ...; it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County,* 382 F.3d 1276, 1281 (11th Cir.2004).

■ In this case, the arbitrator's ruling has mooted both of Kaye's claims. The court cannot issue a meaningful declaratory judgment, because the arbitrator has already ruled in Kaye's favor. Nor can the court meaningfully stay the arbitration proceedings, for the proceedings have already concluded. Because this case no longer presents a live case or controversy, the court no longer has jurisdiction and the case must be dismissed.[1]

### B. Subject Matter Jurisdiction

■■ Dismissal is also appropriate because the court lacks subject matter jurisdiction. "[T]he Declaratory Judgment Act ... does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989). "[T]o invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003). Here, the complaint makes no allegations regarding the amount in controversy, and thus diversity jurisdiction is lacking.

■ A federal court has federal question jurisdiction over a declaratory judgment action only if the plaintiff's well-pleaded complaint alleges facts demonstrating that the defendant could or has filed a coercive action that arises under federal law. *See Household Bank v. JFS Group,* 320 F.3d 1249,1259 (11th Cir.2003). Here, plaintiff's complaint is devoid of allegations that suggest that the arbitration proceedings involved claims that arose under federal law. On the contrary, the arbitration proceedings seem to be based on state law claims for breach of contract.

■ Because the court lacks subject matter jurisdiction over the claim for declaratory judgment, the court also lacks subject matter jurisdiction over the claim, based upon New York law, to stay the arbitration proceedings. *See Scarfo v. Ginsberg,* 175 F.3d 957, 962 (11th Cir.1999) ("[O]nce the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.").

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to dismiss [DE # 24] is **GRANTED**. The court finds that allowing plaintiff leave to amend his complaint would be futile,

---

1. Kaye argues that the arbitrator's ruling "leaves open the claims for damages against Defendant and, indeed, the possibility of a ... Rule 11 motion." The court disagrees. Kaye's complaint seeks only a declaratory judgment and a stay; it does not seek damages. To the extent that Kaye seeks attorneys' fees in the form of damages, the court notes that "[s]imply because a claim is moot does not necessarily preclude the plaintiff from seeking attorneys' fees." *See Cornucopia Institute v. U.S. Dept. of Agriculture,* 560 F.3d 673, 677–78 (7th Cir.2009). Finally, Kaye has already moved for Rule 11 sanctions, and that motion was denied. *See* DE # 21.

because plaintiff will not be able to amend his complaint to avoid the legal conclusions of this order.

2. There being nothing further for the court to resolve, all other pending motions are **DENIED AS MOOT.** The Clerk is directed to mark this case as **CLOSED.**