[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13088

_____

D.C. Docket No. 4:18-cv-00158-HLM

HASMUKH PATEL, M.D.,

Plaintiff-Appellant,

versus

HAMILTON MEDICAL CENTER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 30, 2020)

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and LUCK, Circuit
Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether a plaintiff may invoke the subject-matter jurisdiction of a district court by seeking a declaratory judgment that a defendant enjoys no immunity from damages under a federal statute. After Hamilton Medical Center, Inc., suspended his medical staff privileges, Hasmukh Patel filed a complaint against the Medical Center that sought damages, an injunction against the suspension, and a declaration that the Health Care Quality Improvement Act, 42 U.S.C. § 11111(a)(1), provided no immunity from damages to the Medical Center. Patel contended that the district court had federal-question jurisdiction over the request for declaratory relief and could exercise supplemental jurisdiction over his remaining claims, all of which arose under state law. The district court granted summary judgment in favor of the Medical Center. Because Patel's request for a declaratory judgment does not fall within federal-question jurisdiction, we vacate the judgment against him and remand with instructions to dismiss his complaint for lack of subject-matter jurisdiction.

## I. BACKGROUND

Patel is a gastroenterologist in Dalton, Georgia, who has held medical staff privileges at the Medical Center since 1982. The Medical Center, which is also located in Dalton, conditioned Patel's privileges on his compliance with its bylaws and Credentials Policy. The Credentials Policy required Patel to be available to provide care for or to otherwise arrange coverage for his patients at all times.

2

This litigation concerns a suspension that the Medical Center levied against Patel for allegedly failing to provide coverage over his Thanksgiving vacation in November 2014. After a physician reported the gap to administrators from the Medical Center, two standing committees recommended suspending Patel's privileges for more than 30 days. Patel, who insisted that he arranged coverage during his vacation, demanded a hearing. The hearing panel upheld the recommendation of the standing committees. Patel then appealed to a review panel, which reduced his suspension to 29 days but otherwise upheld the recommendation of the hearing panel.

Patel filed a complaint against the Medical Center that sought damages and injunctive relief under state law and a declaratory judgment that the Medical Center was not immune from damages under the Health Care Quality Improvement Act. *See* 42 U.S.C. § 11111(a)(1) (providing hospitals with immunity from damages that arise out of certain peer-review proceedings). Patel alleged that the district court had federal-question jurisdiction over his request for declaratory relief, 28 U.S.C. § 1331, and that it could exercise supplemental jurisdiction over his claims under state law, *id.* § 1367(a).

The district court granted the Medical Center's motion for summary judgment. It ruled that the Health Care Quality Improvement Act provided immunity from damages to the Medical Center, that each of Patel's state-law

3

claims failed on the merits, and that Patel abandoned several of those claims. Patel appealed only the ruling on his request for declaratory relief.

## II. STANDARD OF REVIEW

"The district court's subject matter jurisdiction is a question of law that we review *de novo*." *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).

## III. DISCUSSION

"Longstanding principles of federal law oblige us to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Green v. Graham*, 906 F.3d 955, 961 (11th Cir. 2018) (internal quotation marks omitted). As inferior courts, federal circuit and district courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution[] and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted); *see also* Bryan A. Garner et al., *The Law of Judicial Precedent* § 65, at 551 (2016). In other words, an inferior court's jurisdiction "must be both (1) authorized by statute and (2) within constitutional limits." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1355 (11th Cir. 2008).

The record gives rise to questions both about whether statutory jurisdiction exists over this action, *see* 28 U.S.C. § 1331, and about whether this appeal

4

presents a justiciable controversy, *see* U.S. Const. art. III. For statutory jurisdiction, Patel contends only that federal-question jurisdiction exists over his suit, but a request for declaratory relief that a federal law does not entitle the opposing party to a defense ordinarily does not raise a federal question under section 1331. *See First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983). And Patel may have deprived us of Article III jurisdiction when he appealed the denial of his request for a declaratory judgment without also challenging the ruling of the district court on his only claim that requested damages. Without an active claim that could produce damages, Patel might not have a legally cognizable interest in receiving a declaration that the Health Care Quality Improvement Act does not shield the Medical Center from damages. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (holding that a case is moot if "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit" (internal quotation marks omitted)).

Although mootness implicates our jurisdiction under Article III, we can resolve this appeal on either jurisdictional ground. Even if mootness deprives us of jurisdiction to reach the merits, Article III leaves intact our statutory authority "to enter orders necessary and appropriate to the final disposition of a suit that is before us for review." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S.

5

18, 21–22 (1994); *see also* 28 U.S.C. § 2106 ("[A]ny . . . court of appellate jurisdiction may . . . vacate . . . any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment . . . ."). And so "[i]f a judgment has become moot while awaiting review, [we] may not consider its merits, but may make such disposition of the whole case as justice may require." *Bancorp*, 513 U.S. at 21 (alteration adopted) (quoting *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 677 (1944)). In other words, we may "choose among threshold grounds for denying audience to a case on the merits" in this Court. *Gardner v. Mutz*, 962 F.3d 1329, 1336–38 (11th Cir. 2020) (internal quotation marks omitted) (vacating the judgment of the district court on standing grounds without resolving whether the suit became moot on appeal).

In the light of this discretion, we start and end with the question of statutory jurisdiction. Because the Declaratory Judgment Act does not enlarge our jurisdiction, the plaintiff must still assert "an underlying ground for federal court jurisdiction." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003); *see also* 28 U.S.C. § 2201(a) (empowering district courts to enter declaratory judgments in "case[s] of actual controversy within [their] jurisdiction"). As discussed, Patel contends that his request for declaratory judgment establishes federal-question jurisdiction. *See* 28 U.S.C. § 1331. He does not raise any other

6

possible ground for statutory jurisdiction. Although Patel's request for declaratory judgment turns on an issue of federal law, "we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992). Federal-question jurisdiction exists "over a declaratory judgment action if . . . a plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law." *Household Bank*, 320 F.3d at 1259.

Patel's complaint does not establish that the Medical Center could file a coercive action under federal law. The Health Care Quality Improvement Act—the only federal law at issue—does not create a private right of action. *See Bok v. Mut. Assurance, Inc.*, 119 F.3d 927, 929 (11th Cir. 1997). It creates an affirmative defense from damages. *See Bryan v. James E. Holmes Reg'l Med. Ctr.*, 33 F.3d 1318, 1332–33 (11th Cir. 1994). And a plaintiff cannot create federal-question jurisdiction by seeking a declaration that a federal defense does not protect the defendant. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673–74 (1950) (refusing to "sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because . . . artful pleading anticipates a defense based on federal law"); *Brown*, 707 F.2d at 1220 ("A case does not present a federal question of the sort necessary to confer subject matter jurisdiction . . .

7

where it merely anticipates a federal question defense which the defendant might raise . . . ."). So Patel's request for declaratory judgment does not establish federal-question jurisdiction.

Patel contends that "he could be forced to defend a claim for liability for expenses of litigation under" the Health Care Quality Improvement Act, but he misinterprets the Act. The Act allows a court to award attorney's fees "at the conclusion of the action" in some circumstances. 42 U.S.C. § 11113. Because Congress tied this provision to the underlying suit, the Medical Center could not "file a coercive action" for attorney's fees. *Household Bank*, 320 F.3d at 1259.

Patel also alleges that his suit "requires interpretation of a substantial federal issue and a substantial question of federal law," but we would lack jurisdiction even if this allegation were true. To be sure, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). But to reiterate, our jurisdiction turns on whether the Medical Center "could file a coercive action arising under federal law," *Household Bank*, 320 F.3d at 1259, and Patel's complaint does not establish that the Medical Center could bring *any* claim against him, much less one that satisfies these four conditions. *Cf. Iberiabank v. Beneva 41-I, LLC*, 701 F.3d 916, 919 n.4 (11th Cir. 2012) (holding

8

that the district court had jurisdiction over a declaratory-judgment action because the defendant "likely could bring its own state contract claim, which would necessarily raise a federal question"). Nor do we see how a state claim could ever "necessarily raise" a federal issue under the Health Care Quality Improvement Act, which creates only an affirmative defense. *Gunn*, 568 U.S. at 258–59 (examining whether the elements of a claim under state law would implicate a federal question); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1297–98 (11th Cir. 2008) (holding that a claim under state law did not did not necessarily raise a federal issue when its elements did not implicate federal law). After all, affirmative defenses do not necessarily arise in suits. A defendant can forfeit an affirmative defense by failing to raise it, and "[a]n affirmative defense, once forfeited, is excluded from the case." *Wood v. Milyard*, 566 U.S. 463, 470 (2012) (alteration adopted) (internal quotation marks omitted).

The district court lacked jurisdiction over this suit. Patel has not met his burden to establish federal-question jurisdiction, and we see no other possible avenue for statutory jurisdiction. In the light of this defect, we need not address mootness and cannot consider the merits of this appeal.

9

## IV. CONCLUSION

We **VACATE** the judgment in favor of the Medical Center and **REMAND** with instructions to **DISMISS** Patel's complaint for lack of subject-matter jurisdiction.