[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11555
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00245-AW-GRJ

SHANDS TEACHING HOSPITAL & CLINICS, INC.,
A Florida Non-Profit Corporation d.b.a. UF Health Shands,

Plaintiff-Appellant,

versus

SECRETARY, UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

Defendants,

GEORGE LORENZO MORGAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 13, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Shands Teaching Hospital and Clinics, Inc., appeals the dismissal of its complaint for a declaratory judgment for lack of subject-matter jurisdiction. After a patient requested medical records based on an amendment to the Florida Constitution, Fla. Const. art. X § 25(a), Shands filed a complaint seeking a declaration that the amendment was preempted by the Patient Safety and Quality Improvement Act of 2005, 42 U.S.C. § 299b-22. The district court ruled that it lacked jurisdiction under the well-pleaded complaint rule over a declaratory judgment action that was based on a federal defense. We affirm.

George Lorenzo Morgan allegedly fell while being treated at Shands. After his release, he requested records of adverse incidents that occurred during his hospital stay. Morgan requested the records based on his right as a patient to access "any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident." Fla. Const. art. X § 25(a). Shands responded that it had four records relevant to Morgan's request, but refused to disclose the records on the ground it would violate the Patient Safety Act.

Shands sued Morgan and the Secretary of the Department of Health and Human Services for a declaratory judgment that the Patient Safety Act barred disclosure of the records Morgan requested. The Department filed a motion to

2

dismiss, which the district court granted because the Department had not sought to enforce the Act against Shands and his claim was not ripe for review. The district court also ordered Morgan and Shands to file supplemental briefs addressing whether the complaint fell within its federal-question jurisdiction. 28 U.S.C. § 1331. After reviewing those briefs, the district court dismissed Shands' complaint for lack of subject-matter jurisdiction.

We review *de novo* a dismissal of a complaint for lack of subject-matter jurisdiction. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1252 (11th Cir. 2003).

Because Shands and Morgan are both residents of Florida, Shands' complaint alleged that jurisdiction was based on a federal question. 18 U.S.C. § 1331. Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States." *Id.* For a case to arise under federal law, a "well-pleaded complaint [must] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

3

complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, jurisdiction exists only if a federal question "appears in the plaintiff's statement of his own claim." *Franchise Tax Bd.*, 463 U.S. at 10 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75 (1914)). But the usual position of the parties is reversed in a declaratory action. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). "Federal question jurisdiction exists over a declaratory judgment action if a plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law." *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020). In other words, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Wycoff*, 344 U.S. at 248.

The district court did not err. The existence of a federal defense is not a basis for federal jurisdiction. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit," and "[a]s a defense, it does not appear on the face of a well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). If Morgan were to sue Shands for the records, his complaint would be based on state law and Shands would raise federal preemption as a defense. As the district court stated, "the action Shands seeks to displace is a state-law action for records" and

4

because "[f]ederal preemption would be a defense to that action, . . . the well-pleaded complaint rule . . . means no subject-matter jurisdiction."

We **AFFIRM** the dismissal of Shands' complaint.