NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 5, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2159

| | |
|---|---|
| NAZIR KHAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| | |
| *v.* | No. 20 C 3819 |
| | |
| PRESENCE CHICAGO HOSPITALS | Virginia M. Kendall, |
| NETWORK, et al., | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Nazir Khan, a surgeon formerly employed by Presence Chicago Hospitals Network, appeals the dismissal of his complaint for failure to state a claim. He alleged that the hospital administrators violated state and federal law by terminating his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

admitting privileges for not cooperating with an employee review. Because these allegations do not state a federal claim, we affirm.

We treat all factual allegations in Khan's operative complaint (his first amended complaint) as true, while taking all reasonable inferences in his favor. *Calderone v. City of Chi.*, 979 F.3d 1156, 1161 (7th Cir. 2020). Khan worked as a cardiothoracic surgeon for nearly twenty years for St. Elizabeth's Hospital (which merged with another hospital and became Presence Chicago Hospitals Network) before the hospital terminated his privileges. He alleges that the hospital administrators removed him from the staff so that other employees could perform his procedures.

In 2017, the hospital's CEO and Chief Medical Officer asked Khan to resign. They referred to an unspecified "pattern" involving his cases. Khan then signed a leave-of-absence agreement, allegedly under duress. A review committee identified four of Khan's cases involving high infection rates and issues with call responsiveness and asked Khan to undergo a physical and psychological examination to address these concerns. Khan refused and asked that a log of his cases be sent to an outside reviewer. The hospital ignored Khan's request and in mid-2018 terminated his admitting privileges.

Two years after his discharge, Khan filed this suit. He amended his complaint several times, primarily alleging claims under federal antitrust law, Title VII of the Civil Rights Act of 1964, the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101, 11137, and various state-law claims.

The court granted the defendants' motion to dismiss. The court dismissed Khan's antitrust claims because Khan did not allege a cognizable antitrust injury; he did not plead sufficient facts of any relevant market or the hospital's control of any market. The court also dismissed Khan's claim under the Health Care Quality Improvement Act because the Act does not provide a private right of action. As for his Title VII discrimination claim, the court found that Khan had not obtained a right-to-sue letter from the Equal Employment Opportunity Commission showing that he had exhausted his administrative remedies. If he could show that he exhausted those administrative remedies, the court added, he then could refile that claim. The court then declined to exercise supplemental jurisdiction over the remaining state-law claims.

Khan amended his complaint again, attaching an EEOC right-to-sue letter indicating that he had exhausted his administrative remedies under Title VII. (He also repleaded a host of other claims that the court properly dismissed because he had not

sought leave to bring them, and we do not discuss them further.) The EEOC letter confirmed that the charge Khan filed with the agency was untimely, and so the court dismissed Khan's remaining claims with prejudice.

On appeal, Khan generally challenges the court's dismissal of each of his claims. Regarding his discrimination claim, Khan argues the district court erred in directing him to allege that he filed a charge with the EEOC, only to reverse course after he refiled his claim and dismiss it as time-barred. But the court correctly determined that Khan filed his charge with the EEOC more than two years after the termination of his admitting privileges, well outside Title VII's 300-day window. 42 U.S.C. § 2000e-5(e)(1). As the court explained, dismissal is appropriate when, as here, a plaintiff's complaint sets out all the elements of an affirmative defense. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018).

Khan now argues for the first time that the district court should have tolled the statute-of-limitations period because he did not learn of this requirement until the court dismissed his operative complaint. Waiver aside, *see Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1018 (7th Cir. 2020), Khan has not alleged anything to suggest that tolling here would serve the filing requirement's purpose of giving prompt notice to the employer. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14, 121 (2002).

Regarding his antitrust claim, Khan argues that the court wrongly required him to allege that the hospital had established market control. But to state a claim under the Sherman Act, Khan had to allege not only an injury to himself, but also "an injury to the market." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 335 (7th Cir. 2012). Moreover, staffing decisions at one hospital do not violate federal antitrust law. *Kochert v. Greater Lafayette Health Servs.*, 463 F.3d 710, 717 (7th Cir. 2006).

As for his claim under the Health Care Quality Improvement Act, Khan maintains that the review committee relied on false statements and denied him appropriate notice and a hearing. But the district court correctly explained that this statute does not provide a private right of action, *see, e.g., Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020), and indeed, it immunizes those engaged in good-faith peer review. *Austin v. Am. Ass'n of Neurological Surgs.*, 253 F.3d 967, 974 (7th Cir. 2001).

Finally, Khan continues to press his various state-law claims. But because his federal claims were all properly dismissed, the district court was well within its

discretion to decline to exercise supplemental jurisdiction over his state-law claims. 28 U.S.C. § 1367(c)(3).

We have considered Khan's other arguments and motions; none has merit.

AFFIRMED