**NOT FOR PUBLICATION**

## In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12409
Non-Argument Calendar
_____

ROSIE LEE MURPHY,

*Plaintiff-Appellant,*

*versus*

ALABAMA MENTAL HEALTH AUTHORITY,
ANDRE POLLARD,
  United States Marshal,
CIRCLE K GAS STATION.,
VALENTINO KING,
DOLLAR GENERAL, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:25-cv-00396-MHT-KFP
_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Rosie Lee Murphy, proceeding *pro se*, appeals the district court's dismissal of her civil suit for lack of subject matter jurisdiction. After careful review, we agree with the district court that it lacked jurisdiction, so we affirm, in large part. We vacate and remand for the limited purpose of clarifying that the court's dismissal of the suit was without prejudice.

In May 2025, Murphy filed suit against 54 defendants, including the State of Alabama, state and federal agencies, individuals, fraternities and sororities, local churches, and businesses. Murphy's complaint contains various allegations against these defendants, including that the defendants caused her psychological damage, stalked and harassed her, tried to plant memories in her mind, and "cast spells on" her. Murphy's suit, which was brought under 42 U.S.C. § 1983, sought $500 million in damages and various forms of injunctive relief.

A magistrate judge screened Murphy's complaint under 28 U.S.C. §§ 1915(e) & 1915A and recommended that it be dismissed, both for lack of subject matter jurisdiction and as frivolous. As to jurisdiction, the district court found that Murphy had not established that the court had diversity of citizenship jurisdiction over the case, under 28 U.S.C. § 1332, and that any federal claims were too frivolous to invoke the court's federal question jurisdiction, under 28 U.S.C. § 1331. *See Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034–35 (11th Cir. 2022) (explaining that federal courts

lack federal question jurisdiction when "a claim is wholly insubstantial and frivolous" (quoting *Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998))).[1]

Murphy objected to the magistrate judge's recommendations and moved to amend her complaint. She filed other motions as well. The district court overruled her objections and denied her motions, adopting the magistrate judge's recommendation that she failed to establish subject matter jurisdiction. Murphy timely appealed.

Murphy now appeals, largely reiterating the allegations of her complaint and levying new allegations against the defendants and other parties. We review the district court's subject matter jurisdiction *de novo*. *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020). We construe *pro se* pleadings and briefs liberally. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Parrott v. Neway (In re: Parrott)*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024). In light of this liberal construction, we have carefully reviewed Murphy's brief and conclude that it does not show any error in the reasoning of the district court or magistrate judge.

---

[1] As to frivolity, the magistrate judge concluded that the lawsuit appeared to be "delusional" or based on "hallucinations." It also noted that Murphy had brought several prior cases, each of which were also frivolous. Because we agree that the district court lacked jurisdiction, we need not reach this alternative ground for affirmance.

We recognize that there is an "exceedingly narrow realm of claims that are 'wholly insubstantial and frivolous'" such that a district court lacks federal question jurisdiction over them. *Resnick*, 34 F.4th at 1040 (quoting *Sanders*, 138 F.3d at 1352). The claims in this case fall into that narrow exception; they are completely without basis either in law or fact. *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))); *see also Neitzke*, 490 U.S. at 325 (explaining that the term frivolous describes "not only the inarguable legal conclusion, but also the fanciful factual allegation"). Indeed, the facts alleged in Murphy's complaint are "wholly . . . frivolous" and fantastical and have no apparent relationship to any of the Constitutional provisions she cited in her complaint. *Resnick*, 34 F.4th at 1040 (quoting *Sanders*, 138 F.3d at 1352); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946). In addition, Murphy's complaint does not allege that the private party defendants are state actors who can be sued under 42 U.S.C. § 1983 in any event, as the magistrate judge explained. *See Harvey v. Harvey*, 949 F.2d 1127, 1130–31 (11th Cir. 1992) (explaining what makes a party a state actor).[2] Under these

---

[2] Murphy has not preserved any challenge to the district court's conclusion that amendment to her complaint would be futile. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014) (explaining that we generally do not consider arguments not briefed); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (explaining that we generally do not consider issues not raised to the district court in the first instance); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020) (explaining that we generally do not consider "unobjected-to factual and legal

25-12409                  Opinion of the Court                              5

circumstances, the district court did not err in concluding it lacked jurisdiction.

However, "[d]ismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) (first citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); and then citing FED. R. CIV. P. 41(b)). "We therefore vacate and remand for the limited purpose of allowing the district court to dismiss the case without prejudice." *Id.* at 1008. With this small caveat, we affirm.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART WITH INSTRUCTIONS.**[3]

---

conclusions" in a magistrate judge report and recommendation when a party has been informed of the consequences for failing to object to those conclusions). Even if we were to overlook the foregoing, the district court did not err in concluding that amendment would be futile.

[3] Murphy's pending motions are **DENIED**.