[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14059
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22368-KMM


SYLVAN C. JOLIBOIS,

                                                    Plaintiff-Appellant,

versus

FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES,
a public body corporate,
MARK B. ROSENBERG,
in his official capacity as President,
et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2016)

Before MARCUS, WILLIAM H. PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Sylvan C. Jolibois, through counsel, appeals the district court's grant of summary judgment in favor of Florida International University ("FIU") on his Title VII and Florida Civil Rights Act ("FRCA") discrimination and retaliation claims; in favor of FIU's Chairman of the Department of Civil and Environmental Engineering, Atorod Azizinamini, and FIU's Dean of the College of Engineering, Amir Mirmiran, on his 42 U.S.C. § 1983 substantive due process claim; in favor of Azizinamini, Mirmiran, and the President of FIU, Mark B. Rosenberg, on his procedural due process claims; and in favor of the defendants on his request for declaratory relief.  On appeal, Jolibois argues, first, that the district court erred by finding FIU's proffered reasons for the denial of Jolibois's sabbatical request, his suspension, and his later termination were legitimate, non-discriminatory reasons because they were based on provisions in a Collective Bargaining Agreement ("CBA"), which was applied retroactively, and was fundamentally unfair.  He also argues the district court erred by finding FIU's proffered reasons were legitimate and non-discriminatory because FIU could not have suspended and terminated Jolibois for not submitting a performance improvement plan ("PIP") because Jolibois did submit a PIP, which FIU rejected.  Second, he argues that the district court erred by not considering his allegation of a First Amendment violation as a

2

basis for his substantive due process claim, because his answers to discovery interrogatories explained the nature and content of his protected speech, and thus established a First Amendment retaliation claim against Azizinamini and Mirmiran.  Third, he argues that the district court erred in granting summary judgment on his § 1983 procedural due process claim because the notice provided by FIU did not conform to the CBA requirements; because the CBA did not list the absence of a PIP as "just cause" for termination; and because the notices were deficient because they were retroactively based on a new policy.  Fourth, Jolibois argues that the district court erred in granting summary judgment on his declaratory judgment claim.

## I.

We review a district court's order granting summary judgment *de novo.* *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). Summary judgment is appropriate where, construing all reasonable inferences in the light most favorable to the non-moving party, there is no genuine dispute of material fact to be tried.  *Id.*  "[A]n inference based on speculation and conjecture is not reasonable."  *Blackston v. Shook and Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985).  A dispute is not genuine if unsupported by evidence, "merely colorable," or created by evidence "not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91

L. Ed. 2d 202 (1986).  We will generally refuse to consider arguments raised for the first time on appeal.  *Fed. Dep. Ins. Corp. v. 232 Inc.,* 920 F.2d 815, 817 (11th Cir. 1991).

Absent direct evidence, when analyzing claims for discrimination or retaliation, under both Title VII and the FCRA, we employ the *McDonnell Douglas* analytical framework.  *Crawford v. City of Fairburn,* 482 F.3d 1305, 1308 (11th Cir. 2007); *see Harper v. Blockbuster Entm't Corp*, 139 F.3d 1385, 1387 (11th Cir. 1998) ("No Florida court has interpreted the Florida statute to impose substantive liability where Title VII does not.").  Under this framework, once a plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action.  *Crawford*, 482 F.3d at 1308.  The reason offered "does not have to be a reason that the judge or jurors would act on or approve"; instead, "all that matters is that the employer advance[d] an explanation for its action that is not discriminatory in nature."  *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1269 (11th Cir. 1999).

If the defendant carries this burden, the plaintiff must demonstrate that the proffered reason was merely a pretext to mask discriminatory actions, must "meet that reason head on and rebut it," and cannot succeed in doing so "by simply quarreling with the wisdom of that reason."  *Chapman*, 229 F.3d at 1030.  In order

to demonstrate pretext, a plaintiff must show that the employer's offered reason was not the true reason for its decision, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n.*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotation omitted).  Importantly, conclusory allegations of discrimination, without more, are insufficient to show pretext.  *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).  A plaintiff's showing that an employer's proffered reason is unpersuasive does not necessarily establish that the plaintiff's proffered reason is correct; a district court still must conclude that the employer's real reason was impermissible.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524, 113 S. Ct. 2742, 2756, 125 L. Ed. 2d 407 (1993).  A breach of an internal policy alone does not amount to a showing of pretext.  *Springer v. Covergys Customer Mgmt. Group., Inc.*, 509 F.3d at 1344, 1350 (11th Cir. 2007).  "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions," and subjective evaluations are permitted under Title VII. *Chapman,* 229 F.3d at 1030, 1033 (analyzing the issue of pretext in the context of a failure to promote).

The district court did not err in finding that FIU offered legitimate, non-discriminatory reasons and Jolibois failed to show they were pretext.  First,

because Jolibois failed to argue in the district court that the CBA was applied retroactively, and thus, its provisions could not be a basis for his suspension and termination, we decline to consider that argument on appeal. *See Fed. Dep. Ins. Corp.*, 920 F.2d at 817. Second, Jolibois attempts to "quarrel[] with the wisdom of the reason," rather than show the reason was discriminatory in nature. *See Chapman*, 229 F.3d at 1030. Third, failure to abide by the CBA requirements, or breach of some other internal policy, alone, does not constitute a sufficient showing of pretext. *Id.* Fourth, subjective determinations are permitted under Title VII, and we will not sit as a super-personnel department and reexamine an entity's business decision. *Id.* at 1030, 1033. The ample evidence of Jolibois's numerous poor evaluations and his refusal to submit the required PIP supports FIU's proffered reason for the denial of the sabbatical, the requirement of the PIP, suspension, and later termination, and clearly meets the test of being one that might motivate an employer to initiate disciplinary proceedings against an employee who refuses to follow their instructions. *See Jackson*, 405 F.3d at 1289. Thus, Jolibois has failed to create a genuine dispute of material fact regarding pretext. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511.

## II.

Although Federal Rule of Civil Procedure 8(a) allows for a liberal pleading standard for civil complaints, "[t]he standard however does not afford plaintiffs

with an opportunity to raise new claims at the summary judgment stage." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). We will not address arguments raised for the first time in a reply brief. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1307 (11th Cir. 2012).

Substantive due process protects fundamental rights–those that are "implicit in the concept of ordered liberty"–which does not include the right to public employment. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994).

The district court did not err in granting summary judgment on Jolibois's substantive due process claim because he failed to properly plead a substantive due process claim based on free speech in regard to Azizinamini and Mirmiran, and Rule 8(a) does not afford him the opportunity to raise new claims at the summary judgment stage. *Gilmour*, 382 F.3d at 1314. Moreover, Jolibois failed to argue in his initial brief that the district court erred in granting summary judgment to Rosenberg on his First Amendment retaliation claim, and thus, we refrain from analyzing that issue. *See Little*, 691 F.3d at 1307.

## III.

The Due Process Clause of the Fourteenth Amendment requires that a deprivation of property be preceded by notice and opportunity to be heard for hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656-57, 94 L. Ed. 865 (1950). A

7

public college professor dismissed from an office held under tenure provisions has an interest in continued employment that is safeguarded by procedural due process. *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 576-77, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972).  In this Circuit, a federal court reviewing a decision of a public educational institution to discharge an employee applies a two-tier level of inquiry: the court examines (1) whether the procedures followed by school authorities comported with due process requirements, and, if so, (2) whether the action taken was supported by substantial evidence.  *Martin v. Guillot*, 875 F.2d 839, 844 (11th Cir. 1989).  The minimum procedural due process requirements for a teacher who is to be terminated for cause and who opposes his termination are "(1) notice of the reasons for dismissal; (2) notice of the names of adverse witnesses and the nature of their testimony; (3) a meaningful opportunity to be heard; and (4) the right to be heard by a tribunal which possesses some academic expertise and an apparent impartiality toward the charges leveled against the teacher."  *Holley v. Seminole Cnty. Sch. Dist.*, 755 F.2d 1492, 1497 (11th Cir. 1985).

A full evidentiary hearing is generally not required.  *Harrison v. Wille*, 132 F.3d 679, 684 (11th Cir. 1998).  Instead, "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."

8

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985).  Requiring any more prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.  *Id.*  Ultimately, though, it is the particular facts in any given case that determine which procedural protections are required.  *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972).  The violation of another procedure "does not necessarily equate to a due process violation under the federal constitution."  *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1528 (11th Cir. 1987).

The district court did not err in finding that the discipline and termination procedures provided by FIU met minimum procedural due process requirements because the notice of intent to suspend and the notice of intent to terminate gave Jolibois prior notice of the charges against him before the action was taken, notified him of the witnesses, and gave him ten days with which to request a hearing.  *See Holley*, 755 F.2d at 1492, 1497.  Although he argues that he requested a hearing when he filed an internal complaint with FIU's Human Resources Department, even read liberally, there is no request for a hearing in that complaint, nor did Jolibois request a hearing anywhere else in the record.

Jolibois's suspension and termination did not violate his procedural due process rights, because a violation of CBA procedures "does not necessarily equate

9

to a due process violation under the federal constitution." *Harris*, 817 F.2d at 1528.  Moreover, the procedures employed by FIU did not actually violate the CBA's required procedures because the notices listed the reasons for the proposed action and gave Jolibois ten days with which to respond.  Although the notices were sent by Mirmiran, the CBA allows for the President *or his designee* to send the notice and does not require that designation be in writing.  Finally, the CBA lists misconduct and incompetence as "just cause" for termination, and the refusal to submit a PIP as requested by a supervisor is sufficient to rise to the level of misconduct, and numerous poor evaluations are sufficient to show incompetence.

IV.

The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act is procedural in operation and does not confer independent jurisdiction upon this Court.  *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003).  Thus, there must be an underlying ground of federal jurisdiction in the case.  *Id.*

The district court did not err in granting summary judgment on Jolibois's claim for declaratory relief because it correctly granted summary judgment on Jolibois's underlying claims, and thus the district court no longer had any

10

underlying jurisdictional basis to provide declaratory relief.  *See Household Bank*,

320 F.3d at 1253.  Accordingly, we affirm.

    **AFFIRMED.**